The next case on our calendar is Michele McGuirk v. Swiss Re. Ms. McGuirk, I know you have a reporter, but you do know that Swiss Re is on submission. They're not coming. Yes, I understand, Your Honor. Okay, all right, well you have five minutes. Take your best shot. District Court Judges, may it please the Court, Michele L. McGuirk, Plaintiff Appellant, thank you for the rare opportunity to simplify issues in a complex case, and thanks to my surgeons, my health team, and my amazing boys, age nine and 13, who helped me to be here today. For full disclosure, this Court hears the finest orators. I apologize, that's not me. I had no lawyer assist in my briefing, but based on past claims of theft, I do want to retain all rights to my work product, my image, my voice, and my private health information. And I assume all judiciary and clerk screenings for conflicts of interest have occurred. But let's be clear, after 21 causes of action were dismissed on a Rule 12b-6 motion, we have to be clear, lackadaisical lawyers failed to file to appear in the Southern District of New York, or they filed with defects. So all filings are considered invalid, and they're strike-worthy. Cypress Shaw authority for defendants is in controversy. That would infer that defendants are pro se, pursuant to 28 U.S. Code, Section 1654. No answer to my complaint on the 21 causes of actions triggers default judgment, of which two had been entered. And we're looking at the claims of ongoing discriminatory benefits system, where I was underpaid at time of hire and unpaid since July 7th, because the person that perpetuated the termination did not have authority to terminate me. Therefore, Swiss Re's insurance financial strength is in jeopardy by legal scoundrels who turn zealous advocacy to zany fiction. From the Division of the Human Rights Reply that had no valid answer to falsifying my work record, suppressing proof, and having forbidden communications with the ALJ, the Administrative Law Judge, there's no veracity to those proceedings, because even the hearing was held out of time, and they didn't waive the defect. So why are we here today on a Rule 12b-6 motion, where we're not supposed to be arguing facts? Because of court malfeasance in the Southern District of New York, there my facts as having veracity and being truthful. They didn't do that. They adopted the Division of Human Rights findings of facts. They stepped into the shoes of defendants, completely contrary to what a Rule 12b-6 motion is. As a whistleblower, I took on an executive role to protect the insurance financial strength rating of Swiss Re. I named unfair acts and solutions. Human Resources rejected that. I spent years in the trenches, working from VP up to the global head of credit risk management in asset management and insurance business, the largest and most profitable part of the company. And the gangs of individuals that retaliated me with demotions, job limitations, all led to the pretext for discrimination on my termination. So again, to review, what I'm asking for relief is to vacate the June 20, 2016 invalid judgment — it wasn't signed even by the judge — remand to a new judge, activate my timing on causes of action, enter default judgment, and give the right to amend the complaint, because I was denied that right in the Southern District of New York. I would be adding ERISA, naming John Doe's, and also looking at privacy violations. I did enter into the docket a memo of law that outlined extensive privacy rights, whereby the circuit courts tend to look at disclosure over the rights of privacy that is upheld by the Supreme Court. So I'd encourage you to look at Joint Appendix 40, which is docket number 83. Because of the fact that counsel sought to deny privilege, defied my cease and desist order — request, I should say — and they made unauthorized HIPAA redisclosures in the Supreme Court of New York and in the Supreme Court of New York. Ms. McGurk, look at us, leave the paper aside, tell us what this case is all about. This is about discrimination and retaliation over a seven-year period and post-termination, which was not enacted by someone with authority over me. So I'm technically an unpaid employee for the past seven years. I've suffered through — Why were you an unpaid employee? I'm unpaid because the person didn't have authority. I didn't even know this person prior to her barging into my office making false accusations. But you got a salary, didn't you? No, post-termination, I have not had — I'm considered an unpaid employee because — For seven years, you were paid at a very fine rate of pay, as I read. I was paid a fraction of what men with fewer credentials, work less hours. I had a total of three jobs with three different entities, working until 2 a.m., and others admitting — the chief risk officer, Christian Mumenthaler, admitted he didn't know anything about credit risk. He relied on me. Jacques Agran delegated work to me. I was doing work for the executive committee. I wasn't — I was the worker bee. And because many people left to take more money at other organizations, the investment banks, I — it was forced upon me, and then I was lent out to different entities — Swiss Reinsurance America Corp., Swiss Re — Swiss Re Financial Products Corp. While you were doing this — Yes. — you were paid. I was paid not commensurate with my talent, not my experience, and I didn't have a guaranteed contract like the men that were hired. Men that were hired had million-dollar contracts. I had a fraction. If you look it out, on a per-hourly basis, a tiny fraction. I was working 70 to 80 hours a week. I was the only one demanded to do those types of hours for my I'm sorry? Did you ever complain to management? Oh, I did complain to management. I raised the issue in a productive way, always through discussions. Then nothing would happen. Just, we know there's disparity, but deal with it. Or they just dismissed it. I wrote complaints. I asked for salary review. Look at peers. Look at comps. Let me have a job transfer. They started threatening my job. They were taking away responsibilities because, effectively, they brought in people during a hiring freeze. They didn't give me the opportunity, and I was more qualified. CFA, MBA, two undergraduate degrees, nearly 20 years of experience, and they brought in people with no reinsurance experience. I was the in-house expert for reinsurance, and that's why they relied on me so much. And so these jobs came open while I was on maternity leave, wasn't even considered, wasn't offered. I was at an EC minus two level, executive committee minus two. Christian Mumenthaler worked with him directly, but they brought in people twice while I was on ... Was the issue that you're raising a sexual discrimination, I assume? Actually, the protected class has more to do ... Well, of course, the gender, age. I'm in the protected class for my family status, as well as my disability. And that got into a lot of questions about disability because the tolling for statute of limitations, there was a wrong legal standard to deny tolling. I've had four disease diagnoses. I've defied the statistics. They have to look at the EEOC 29 CFR section 1632H1, as well as J3.3. The lower court said you have to be incapacitated for all the periods of time. Did you have a trial on any of these? I did not have a trial, and that's why the clear error is a wrong standard of review, and that's what the defendants argued on the appeal. And so that's the wrong standard. There was no trial. It dissolves their defense to smoke and mirrors. The wrong legal standard was also on denying the tolling. And the other fact is there's a correction. Under the Violence Against Women's Act, they kept arguing there's no right of action, individual right of action, but that's not true. It's only prohibited on torts limited to government agency awards granted to the Attorney General and the Office of the Violence Against Women. This is between private parties. It's not prohibited against individuals, and I have named individuals. Under 42 U.S.C. Chapter 136, Subchapter 3, Section 14043F, it only prohibits against the employer. Individuals can be named, and I was threatened. Of course, we have your papers. Yes. And you've exceeded your time. Thank you. Do you want to say something in summary, a sentence or two? In summary, respectfully, I would like to recognize that pro se rights pursuant to 28 of U.S. Code 1654, the Judiciary Act of 1789, Section 35, every person has the right to manage their own cases, and lawyers have the right by permission. So I really am a strong advocate that in bringing these cases before the court, there's appropriate respect given for someone handling their own cases as pro se, and that's all. Thank you, Your Honor. Thank you. You did very well. That's the last case on our calendar. I will ask the clerk to adjourn court. Court is adjourned.